IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD RICHARSON | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cv-09184 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff HAROLD RICHARDSON, pursuant to Federal Rule of Procedure 15, hereby respectfully moves for leave to file an Amended Complaint, attached to this motion as Exhibit 1, stating in support as follows:

**BACKGROUND**

1. Harold Richardson's Complaint was filed on November 15, 2012, Dkt. 1, alleging constitutional and state-law claims against Defendants—police officers from the City of Chicago and the City itself—related to Mr. Richardson's wrongful conviction for the rape and murder of Nina Glover. Mr. Richardson was one of four teenagers—the other three were Terrill Swift, Michael Saunders, and Vincent Thames—wrongfully convicted for the 1994 crimes against Ms. Glover. Almost 17 years his conviction, Harold (like the other teens) was exonerated and later awarded Certificates of Innocence. Dkt. 1, ¶9.

2. Each of the four filed separate lawsuits, three of which are in federal court. *See Saunders v. City of Chicago et. al.*, No. 12 cv 9158 (N.D. Ill.); *Thames v. City of Chicago*, No. 12 cv 9170 (N.D. Ill.); *Terrill Swift v. City of Chicago, et al.*

1

(Circuit Ct. of Cook Cty., Law Division, Case No. 12-L-012995). All three federal suits have been consolidated for purposes of discovery and other common issues, while simultaneously being coordinated with the *Swift* suit in state court. Dkt. 42.

3. All of the Plaintiffs named the CPD Detectives and one Sergeant who conducted their interrogations as defendants in the suits. In addition, Mr. Saunders named Youth Officer Charles Bowen, who was present for Mr. Saunders's interrogation, as well as both of the Felony Review Unit Assistant State's Attorneys who took statements from the boys: Fabio Valentini and Terence Johnson. Both Swift and Thames named Mr. Johnson as a defendant in their suits as well.

4. The day after the cases were consolidated, Defendants moved to dismiss, arguing in large part that certain claims were time-barred and asserting that Plaintiff had failed to state a claim for which relief may be granted for others. Dkt. 44. On April 10, 2013, Plaintiffs filed a consolidated opposition to Defendants' motions to dismiss, Dkt. 49, and Defendants filed a reply in support of their motion to dismiss on June 3, 2013, Dkt. 60.

5. The Court issued its first opinion and order on the motion to dismiss on November 13, 2013. Dkt 81. In so doing, the Court dismissed Plaintiffs' Fifth Amendment claims as time-barred, dismissed Plaintiffs' fabrication of evidence due process claims as not stating a claim, but allowed Plaintiffs' *Brady* claims to proceed, as well as their failure to intervene and conspiracy to deprive constitutional rights claims, their *Monell* claims, their supervisory liability claims, their state law claims, and their *respondeat superior* and indemnification claims.

6. On February 25, 2014, the City filed its answer to Plaintiff Richardson's complaint. Dkt. 89. On February 28, the Defendant Officers filed their answer as well. Dkt. 94.

7. The Court later re-instated both the Fifth Amendment and Due Process claims. Dkt. 104, Dkt. 159.

8. Meanwhile, discovery has continued and at times required the intervention of the Magistrate Judge. Relative to discovery on Plaintiff's *Brady* claims and following a number of motions and rulings by the Magistrate Judge, *see* Dkt. 167,180, Plaintiffs subpoenaed documents from the FBI in July of 2015. *See* Exhibit 2 (Subpoena). Those subpoenas primarily sought documents related a database cataloguing crimes against prostitutes, which Plaintiffs contend is germane to their *Brady* claims. *Id.*

9. To access those documents, after months of consultation with the FBI, the FBI required the parties to enter into a protective order concerning compliance with the Privacy Act. That Motion was filed on February 26, 2016, Dkt. 173, and was granted on March 1, 2016. Dkt. 175.

10. Thought the period for fact discovery formally closed on April 22, 2016, fact discovery is incomplete because there are several motions pending before the Magistrate Judge that concern fact discovery. Once the Magistrate Judge rules on those motions, the parties will be able to complete discovery. Meanwhile, the parties have begun expert discovery, which was just extended indefinitely at the behest of

the Defendants, Dkt. 195. The period for dispositive motions and trial is still months away.

11. On May 9, 2016, the parties received documents from the FBI. ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████ █ ███████████████████████████████ ████████████████████████████████ ████████████████████████████████████ █████████████████████████████████ ████████████████████████████████████ ████████████████████████████████ █████████████████ █ ████████████████████████████████████ Indeed, as discussed extensively in Plaintiffs' Motion for Leave to Conduct Limited Discovery past the fact discovery deadline, Dkt. 215, ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████.[1]

13. ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[1] The Motion was filed under seal, so Plaintiff is providing a courtesy copy of the unsealed motion.





▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

# DISCUSSION

**I.  Legal Standard.**

17.  Under Rule 15, leave to amend a complaint should be granted liberally in the interest of justice at any time before judgment. FED. R. CIV. P. 15(a); *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004). Indeed, the Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977); *see also Dugan v. Selco Industries, Inc.*, 1997 WL 701336, at *2 (N.D. Ill. Nov. 6, 1997) ("This liberal policy toward amendments is aimed at advancing one of Rule 15's underlying purposes … the adjudication of claims on their merits rather than on procedural technicalities.").

18.  As a consequence, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843-49 (7th Cir. 2002). These standards are easily satisfied here.

**A. The Interests of Justice Are Served By Allowing Richardson to Amend His Complaint**

19. The interests of justice compel that Mr. Richardson be allowed to amend his complaint to add claims against Mr. Johnson and Mr. Valentini. Both Johnson and Valentini were Assistant State's Attorneys in the Felony Review Unit and involved in the interrogation of Plaintiffs with respect to the rape and murder of Nina Glover. ███████████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

20. Indeed, ████████████████████ Plaintiff believed caution with respect to Federal Rule of Civil Procedure 11 was warranted because, unlike for the Defendant Officers, ███████████████████████

███████████████████████████████ ███ Simply put, ████████████████████

███████████████████████████████

███████ it is appropriate for Plaintiffs to exercise caution rather than possibly over-reach when deciding whether and who to name as a defendant.

8

21. Rule 15 encourages and recognizes that this sort of balanced approach should not be punished. Indeed, it would be contrary to both the policy established by the Federal Rules generally and basic notions of justice, both of which discourage Plaintiffs from filing "shotgun" pleadings or deciding to "sue first and ask questions later." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013). As a consequence, the Supreme Court has emphasized that the mandate to freely permit amendments "is to be heeded," *Foman*, 371 U.S. at 182.

22. Moreover, Rule 15 also recognizes that the discovery of new evidence—even late in litigation—can warrant adding new parties to suits in the interests of justice. Even well *after* discovery and *after* summary judgment, courts commonly allow new parties to be added, particularly where the added defendants were already on notice of the suit. *See, e.g.*, *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339-340 (7th Cir. 1974) (finding district court erred in refusing to grant plaintiffs leave to add additional defendants "[o]ne month prior to when the trial was scheduled to begin" and noting that "absent a showing of prejudice, a mere delay in the commencement of the action should not ordinarily operate to preclude a motion to amend the complaint"); *Boyd v. Illinois State Police*, No. 98 C 8348, 2001 WL 726998, at *3 (N.D. Ill June 28, 2001) (granting leave to amend "after discovery closed, motions for summary judgment were decided and just before the pretrial order [was] due," because "both proposed defendants [had] known about and/or participated in the current action"); *Hackl v. Icon Health & Fitness, Inc.*, No. 08-CV-871, 2009 WL 1475502 (E.D. Wis. May 27, 2009) (granting leave to add defendant

9

even where plaintiffs acknowledged the deadline for amendments had passed, and despite having previously made the strategic decision not to implead the defendant despite having uncovered a sufficient factual basis to do so).

### B. Mr. Johnson and Valentini Will Not Be Unduly Prejudiced By Granting This Motion

23. It is hard to imagine a situation where there could be less possible prejudice to adding new defendants to a lawsuit than the circumstances presented here: both Mr. Johnson and Mr. Valentini have been named as defendants in other suits consolidated with this one.

24. As parties in these consolidated suits, Mr. Valentini and Mr. Johnson have been treated as full participants in the joint litigation, including in *Richardson*, and represented by counsel at each step. All of the discovery has been coordinated among the suits, and all discovery is deemed equally applicable to every pending related lawsuit.

25. Indeed, in many ways, Mr. Johnson and Mr. Valentini have already been treated as parties in *Richardson*. For example, counsel for both of the ASAs had the opportunity to depose Harold Richardson's over his two-day deposition, which counsel for both attended. *See generally* Exhibit 4 (Deposition Excerpts); *cf.* FED. R. CIV. P. 32(a) (a deposition may be used against a party where "the party was present or represented at the taking of the deposition or had reasonable notice of it"). In addition, counsel for Mr. Johnson, has also taken the lead in Rule 37.2

10

consultation regarding a Rule 35 examination of Mr. Richardson, a mechanism only available to parties.[2]

26. In short, the notice requirement outlined in the cases above has certainly been satisfied, and this case is still in expert discovery, before the dispositive motion phase, and months away from trial. Thus, there can be no undue prejudice from granting this motion, nor will discovery be at all delayed, because former Johnson and Valentini have been on notice of this suit and, have been active participants in discovery, and have already been effectively treated as parties in *Richardson* on account of being named as defendants in the consolidated cases. Accordingly, leave to amend is appropriate here. *See Hicks v. Res. Trust Corp.*, 738 F. Supp. 279, 284, 287 (N.D. Ill 1990) (granting leave to amend where defendants had "fair notice," despite the fact that "[e]xtensive discovery [had] taken place").

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court grant him leave to file the Amended Complaint attached to this motion as Exhibit 1.

RESPECTFULLY SUBMITTED,

**HAROLD RICHARDSON**

BY: /s/ David B. Owens
*One of Plaintiffs' Attorneys*

---

[2] This ongoing consultation includes several letters between the parties. Should the court like to see the correspondence, Plaintiff will happily provide those to the Court.

Jon Loevy
Russell Ainsworth
David B. Owens
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago IL, 60607
(312) 243-5900