**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL SAUNDERS, | ) | |
| | ) | Case No. 12-cv-9158 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| VINCENT THAMES, | ) | |
| | ) | Case No. 12-cv-9170 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| HAROLD RICHARDSON, | ) | |
| | ) | Case No. 12-cv-9184 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs Michael Saunders, Vincent Thames, and Harold Richardson (collectively, "Plaintiffs") combined renewed motion to unseal and joint objections to Magistrate Judge Finnegan's November 29, 2016, order, which denied Plaintiffs' motion to unseal the 302 report of Special Agent Jeffrey Moore's March 14, 2012 interview with

Defendant Terence Johnson. Plaintiffs' combined motions were filed under each their individual cases, see *Saunders*, Case No. 12-cv-9158, Docket Entry [410; 412]; *Thames*, Case No. 12-cv-9170, Docket Entry [306; 308]; *Richardson*, Case No. 12-cv-9184, Docket Entry [328; 329], although these cases have been consolidated for purposes of discovery and other common issues, see *Richardson*, Case No. 12-cv-9184, Docket Entry [42].[1] For the reasons stated below, Plaintiffs' joint objections, *Saunders*, Case No. 12-cv-9158, Docket Entry [410; 412]; *Thames*, Case No. 12-cv-9170, Docket Entry [306; 308]; *Richardson*, Case No. 12-cv-9184, Docket Entry [328; 329], are overruled, but their renewed motion to unseal is granted. In addition, as a housekeeping matter, Plaintiff Richardson's motion for clarification, Case No. 12-cv-9184, Docket Entry [336], is stricken as moot in view of the sealed and unsealed versions of the operative complaint [339; 340] that have been filed on the docket.

## I.    Background

Plaintiffs Michael Saunders, Vincent Thames, and Harold Richardson allege that certain Defendants fabricated evidence used to secure their wrongful convictions for the 1994 rape and murder of Nina Glover in Chicago, Illinois. One such Defendant is former Cook County Assistant State's Attorney Terence Johnson, who was named as a Defendant early on in the *Saunders* (Case No. 12-cv-9158, Docket Entry [1]) and *Thames* (Case No. 12-cv-9170, Docket Entry [5]) actions. Richardson did not name Johnson in his original compliant, but was granted leave to file an amended complaint adding Johnson as a Defendant earlier this year. [335; 340.] Richardson's request was prompted, in part, by documents produced by the Federal Bureau of Investigation in 2016 concerning Johnson—namely, Special Agent Jeffrey Moore's March 14,

---

[1] For simplicity, the Court cites exclusively to the motions and briefs filed on the docket in *Richardson*, Case No. 12-cv-9184, except where otherwise noted.

2012 interview with Johnson as memorialized in a 302 report ("Johnson 302"). The present motions concern the unsealing of that report and other sealed filings that discuss this report.

As this Court previously explained, Plaintiffs contend that the Johnson 302 shows that

[Defendant] Johnson * * * made damning admissions about the investigation of the Glover rape and homicide and the manner in which the Officer Defendants worked alongside ASAs Johnson and [another ASA] to procure the confessions that were ultimately the basis for Plaintiffs' wrongful convictions. Johnson's admissions allegedly provided evidence that the ASAs worked alongside the Officer Defendants, during the interrogations and thereafter (for instance, during a suppression hearing), to fabricate and coerce Plaintiffs' confession and ensure that they would hold up in court.

[335, at 6–7.] Defendants respond that "nothing in Johnson's report proves the confessions were 'false' and the word 'coerced' is not in the statement." [341, at 5.]

The FBI produced the Johnson 302 pursuant to an Amended Privacy Act Protection Order [218], which provides that documents produced by the FBI "shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order." *Id.* ¶ 5. Consistent with that order (see *id.* ¶ 6), Plaintiffs moved to unseal the Johnson 302 with certain redactions. Neither the FBI nor Defendant City of Chicago opposed this request, but several other Defendants did and filed briefs in opposition. [222; 225; *Saunders*, Case No. 12-cv-9158, Docket Entry 318.]

On November 29, 2016, Magistrate Judge Finnegan denied Plaintiffs' motion, concluding that Defendants rebutted any presumption in favor of public access to these documents by showing "good cause" and a sufficient "competing interest." [325.] Magistrate Judge Finnegan explained this showing was made because of "the risk of excessive (and potentially distorted) media coverage of inadmissible information that could potentially taint the[se] proceedings and deprive [Defendants] of a fair trial." *Id.* at 8–13. Magistrate Judge Finnegan also cautioned that

3

the balancing between any presumption of public accessibility to the report and the competing interests could be altered based on motions that were currently pending before this district court:

> To the extent any of the interview reports produced by the FBI affect such a judicial decision later in the litigation (*e.g.*, a ruling on Richardson's pending motion for leave to amend his complaint or on any other substantive, non-discovery issue in the case), the right of public access might then arise. Moreover, if Judge Dow rules that information in the Johnson interview report is admissible, the risk of jury or trial taint resulting from its unsealing would be reduced. And since Judge Dow will be making these substantive and evidentiary determinations, the issues of whether and when the Johnson interview report should be unsealed in whole or in part are best left to his discretion.

*Id.* at 13. Plaintiffs' filed a timely objection to Magistrate Judge Finnegan's November 29 ruling. See *Saunders*, Case No. 12-cv-9158, Docket Entry [410; 412]; *Thames*, Case No. 12-cv-9170, Docket Entry [306; 308]; *Richardson*, Case No. 12-cv-9184, Docket Entry [328; 329].

There have been two other developments since Plaintiffs filed their objections. First, as noted, the Court granted Richardson's request to amend his complaint naming Johnson as a Defendant on January 4, 2017. [See 335.] Second, a jury trial in a related state court case involving Terrill Swift—one of the teenagers who was allegedly wrongfully convicted along with Plaintiffs—had been set to begin not long after Magistrate Judge Finnegan's ruling, but the parties settled on the first day of trial. See *Thames*, Case No. 12-cv-9170, Docket Entry [381]. No trial dates have been set in the federal actions.

## II.     Legal Standard

Federal Rule of Civil Procedure ("Rule") 72(a) permits parties to object to a magistrate judge's resolution of non-dispositive motions—including discovery motions, see 28 U.S.C. § 636(b)(1)(A)—within fourteen days of being served with the order. See *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992) ("Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a)."). This Court "must consider timely objections and modify or set aside any part of the

order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). If "there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Ball v. Kotter*, 2009 WL 3824709, at *3 (N.D. Ill. Nov. 12, 2009) (internal quotation marks and citation omitted).

## III. Analysis

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). While "judges need not release every document that has 'crept into the record,'" "the presumption of public access" applies to those "materials that affect judicial decisions." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (citation omitted). Said differently, "[p]ublic access depends on whether a document 'influenc[ed] or underpin[ned] the judicial decision.'" *Id.* (citation omitted). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Plaintiffs identify three purported errors in Magistrate Judge Finnegan's November 29 opinion. [329, at 8–11.] None requires setting aside that decision pursuant to Rule 72. First, Plaintiffs argue that Magistrate Judge Finnegan erred by "suggest[ing] without deciding that the presumption of public access to litigation may not apply" because the Johnson 302 had only been considered by her in the context of the parties' discovery disputes over this document. *Id.* at 8. As Plaintiffs acknowledge, Magistrate Judge Finnegan did not actually decide if the presumption

applied, and the Court sees no reason to reconsider issues tangential to her actual decision. That said, Plaintiffs' contention that a document filed on the docket is presumptively public "once a court considers" it sweeps too broadly. [329, at 8–9.] "[T]he public does not acquire a right to access discovery material just because a judge might review it in camera in the course of discovery proceedings." *Bond v. Utreras*, 585 F.3d 1061, 1075 n.8 (7th Cir. 2009). As this Court has held, documents produced in discovery that "do not bear on the merits of a case—whether the reason is that the officers were not involved in the case, the complaints were unfounded, or any other reason" are not within this presumption. [62, at 2.] A party cannot game this standard by requesting that a court consider some aspect of a sealed, irrelevant document (such as by filing motion to unseal or requesting limited discovery), have that request denied, and then file a successive motion demanding that the court unseal this document because the court has now "considered" it. Application of the public access presumption "turns on what the judge did, not what the parties filed," *Greenville*, 764 F.3d at 697, which "must be determined on a case-by-case (and even document-by-document) basis" [62, at 2.]

Second, Plaintiffs argue that Magistrate Judge Finnegan "incorrectly stated" that "'Plaintiffs tacitly concede such good cause here when they resist unsealing the reports of their own FBI interviews'" based on their prior submissions. [329, at 10 (quoting 325, at 9).] Plaintiffs maintain that they "never objected to unsealing their 302 reports" and would not do so now if asked. *Id.* Magistrate Judge Finnegan did not say, however, that Plaintiffs' objected to a request to unseal. She explained that Plaintiffs "resisted" disclosure of these reports by arguing in July 2016 that they were "presumptively private," which Plaintiffs asserted in response to Defendant Johnson's argument that Plaintiffs were improperly cherry-picking which FBI-produced documents should be unsealed. *Saunders*, Case No. 12-cv-9158, Docket Entry [320;

336].  Plaintiffs do not explain how they were not—at a minimum—resisting disclosure of their own FBI interviews when they argued that these documents were presumptively private. Regardless of whether that is still true, Plaintiffs fail to show that this conclusion was clearly erroneous at the time of Magistrate Judge Finnegan's decision.

Third, Plaintiffs argue that Magistrate Judge Finnegan erred when she determined that potentially distorted media coverage could affect the parties' rights to a fair trial.  [329, at 10.] At the time of her ruling, the Swift trial in state court was fast approaching.  She also identified a recently published newspaper article that misstated fundamental aspects of the Johnson 302 and her prior ruling.  *Id.* at 11.  Based on these considerations and the relevant factors, Magistrate Judge Finnegan concluded that unsealing of this report "would unacceptably risk taint of these proceedings" before this Court had an opportunity to weigh in on this issue.  *Id.* at 12.  Plaintiffs fail to show that this balancing was clearly erroneous.  Indeed, they merely assert that "there is no reason to believe that disclosure of the Johnson 302 would prevent a fair trial."  *Id.* at 10. Clear error requires a "definite and firm conviction that a mistake has been made," *Weeks*, 126 F.3d at 943, not unsupported assertions that press coverage to date "has not infringed anyone's right to a fair trial" [329, at 11].  Magistrate Judge Finnegan had legitimate concerns that the short gap between release of the Johnson 302 and jury selection in the impending Swift trial— compounded by the readily available inaccurate media coverage—posed a sufficiently high risk of impacting the parties' fair trial rights.  She also expressly left open the possibility that the Johnson 302 might require unsealing at a later date based on the resolution of issues before this district court.  That was not clear error.  For these reasons and those stated on the record on February 28, 2017, and April 27, 2017, the Court concludes that Magistrate Judge Finnegan's

November 29, 2016 order was not clearly erroneous or contrary to law and overrules Plaintiffs' objections.

Separate from Plaintiffs' objections, Plaintiffs also renew their motion to unseal. While the parties' arguments are similar to those made to Magistrate Judge Finnegan, important circumstances have changed since November 2016. In January 2017, the Court allowed Plaintiff Richardson to amend his complaint on the basis of the Johnson 302. [335, at 8–13 (discussing the "Moore Report").] In opposing this amendment, Defendants argued that Richardson's claims were time-barred because he should have known of Johnson's involvement "prior to receipt of the Moore Report." *Id.* at 9, 12. Although that argument did not prevail in the context of a Rule 15 motion to amend, *id.* at 10–12, the Court anticipates that Defendants will pursue this argument again at summary judgment when the standard will not be whether Richardson pled himself out of court through his complaint. In addition, this Court previously recognized that the Johnson 302 "will be subject to motions in limine" (*id.* at 13), and both parties debate the Johnson 302's ultimate admissibility at trial throughout their briefing on the instant motion [see 341, at 6; 344, at 1–2; 353-1, at 5]. Furthermore, Johnson is now a Defendant in all three actions and Defendants do not dispute that his 302 relates squarely to Plaintiffs' interrogations. [320, at 11–37.] In other words, there is every reason to think that the Johnson 302 will affect or underpin several of Court's upcoming merits and evidentiary rulings—even assuming that its influence on motion to amend was not sufficient by itself to trigger the public access presumption.

Therefore, the questions become whether there remains sufficient good cause for the Johnson 302 to remain under seal and, if not, when these documents should be unsealed. There is undoubtedly a significant public interest in exposing police misconduct. See, *e.g.*, *Hutchins v.*

*Clarke*, 661 F.3d 947, 955 (7th Cir. 2011) (discussing Wisconsin law); *Lane v. Salgado*, 2014 WL 889306, at *2 (N.D. Ill. Mar. 5, 2014) (collecting cases); *Evans v. City of Chi.*, 231 F.R.D. 302, 317 (N.D. Ill. 2005). Those concerns can be overridden in certain circumstances, *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 420 (7th Cir. 2014), and the only reason Defendants present for doing so here is the "risk of unfair and inaccurate media attention." [341, at 4–7; 353-1, at 3–5.] But that "risk" is undoubtedly present *whenever* documents are unsealed. If the possibility that a newspaper might get something wrong was sufficient to satisfy "good cause," the presumption of public access would be rebutted in every case. The relevant issue is not whether there is some nebulous risk of inaccurate media attention, but how *great* the risk is that such attention will taint the jury pool. Now that the Swift trial is no longer imminent and no trial date has been set in these federal cases, the Court believes the balance has tipped in favor of disclosure. To the extent that any future media coverage of the Johnson 302 is "inaccurate and unfair," Defendants will have ample opportunity to dispel those alleged mistakes or provide additional context between now and a possible trial. In contrast, if this Court waited until resolution of summary judgment or the deciding motions *in limine*, the strong presumption in favor of public access would indisputably come into play and the risk of taint would be significantly greater just before trial. Releasing the Johnson 302 now satisfies the public's interest in these documents while mitigating the risk that inaccurate media attention will taint a jury pool. Accordingly, the Court grants Plaintiff's request to unseal the Johnson 302 (with appropriate redactions for personal identifying information) as well as those filings submitted underseal solely because they discuss the Johnson 302.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' joint objections to Magistrate Judge Finnegan's order denying unsealing of the Johnson 302, *Saunders*, Case No. 12-cv-9158, Docket Entry [410;

412]; *Thames*, Case No. 12-cv-9170, Docket Entry [306; 308]; *Richardson*, Case No. 12-cv-9184, Docket Entry [328; 329], are overruled, but their renewed motion to unseal is granted and the 302 report is unsealed. In addition, as a housekeeping matter, Plaintiff Richardson's motion for clarification, Case No. 12-cv-9184, Docket Entry [336], is stricken as moot in view of the sealed and unsealed versions of the operative complaint [339; 340] that have been filed on the docket.

Dated: July 19, 2017

_____
Robert M. Dow, Jr.
United States District Judge